UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-62308-BLOOM/Valle

PEOPLESHARE, LLC,

      Plaintiff,

v.

MICHAEL VOGLER and ZINKN INC.,

      Defendants.

_____/

## OMNIBUS ORDER ON MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon two Motions to Dismiss Based on Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim, ECF Nos. [16],[1] [29], filed by Defendants Zinkn Inc. ("Zinkn") and Michael Vogler ("Vogler") (together, "Defendants"). Plaintiff PeopleShare, LLC ("Plaintiff" or "PeopleShare") filed responses, ECF Nos. [12], [33], to which Defendants filed replies, ECF Nos. [24], [34]. The Court has carefully considered the Motions, the Responses and Replies, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motions are granted in part.

## I.      BACKGROUND

This case arises as a result of alleged infringement by Defendants of Plaintiff's trademark. *See* ECF No. [1] ("Complaint"). As alleged in the Complaint, PeopleShare provides personnel staffing, recruitment, placement, and related services via its website, and using its "PEOPLESHARE" mark (the "Mark"). *Id*. at 9. Defendant Zikn is a Delaware Corporation and its principal place of business is in Maricopa County, Arizona. *Id*. at 2. Defendant Vogler is the

---

[1] The Court directed Zinkn to refile its originally filed Motion, ECF No. [9], which contained redactions.

President of Zikn and resides in Arizona. *Id.* Defendants recently began marketing, selling, and distributing downloadable software for managing contract labor services utilizing the name and trademark "PEOPLE SHARE" ("Infringing Mark"). *Id*. at ¶ 13. Plaintiff alleges that Defendants use their website to promote and facilitate sales of their own goods and services. *Id*. at ¶ 17.

Plaintiff asserts claims for trademark infringement (Count I), false association (Count II), false designation of origin (Count III), unfair competition (Count IV), and seeks cancellation of Defendants' trademark registration (Count V). In the Motions, Defendants request dismissal of the Complaint on the basis of a lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, and improper venue under Rule 12(b)(3); and dismissal of Counts I, II. and III for failure to state a claim under Rule 12(b)(6). The Court addresses the jurisdictional issue first.

## II.   LEGAL STANDARD

"A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "Once the plaintiff pleads sufficient material facts to form a basis for *in personam* jurisdiction, the burden shifts to the defendant to challenge plaintiff's allegations by affidavits or other pleadings." *Carmouche v. Carnival Corp.*, 36 F. Supp. 3d 1335, 1388 (S.D. Fla. 2014), *aff'd sub nom. Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201 (11th Cir. 2015). A defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations. *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009).

"Where . . . the defendant submits affidavit(s) to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier ex rel. Meier v. Sun*

*Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002); *see also Internet Sols. Corp.*, 557 F.3d at 1295; *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). If the defendant makes a sufficient showing of a lack of personal jurisdiction, "the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Polskie Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 972 (11th Cir. 1986). Conclusory statements, "although presented in the form of factual declarations, are in substance legal conclusions that do not trigger a duty for Plaintiffs to respond with evidence of their own supporting jurisdiction." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999).

In addressing whether personal jurisdiction over a nonresident defendant exists, "[t]he district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)). "[W]here the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff." *Id*.

## III.    DISCUSSION

Defendants first contend that the Court lacks personal jurisdiction under Florida's long-arm statute because Plaintiff did not suffer an injury in Florida, and the exercise of personal jurisdiction in this case would violate the Due Process Clause of the Fourteenth Amendment as Defendants have no contacts with the state of Florida. Plaintiff responds that jurisdiction is proper under the long-arm statute because the accessibility of Defendants' website is sufficient, and that the exercise of jurisdiction over Defendants in this case satisfies Due Process.

A court must conduct a two-part inquiry when deciding the issue of personal jurisdiction. *Sculptchair, Inc. v. Century Arts, Ltd*., 94 F.3d 623, 626 (11th Cir. 1996). First, the court must determine whether the applicable state statute governing personal jurisdiction is satisfied. *Id*. If the applicable state statute is satisfied, the court must then determine "whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy 'traditional notions of fair play and substantial justice' under the Due Process Clause of the Fourteenth Amendment." *Id*. (citing *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996) The Due Process Clause requires that the defendant have minimum contacts with the forum state so that the exercise of personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice." *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1287 (S.D. Fla. 2014) (citing *Melgarejo v. Pycsa Pan., S.A.*, 537 F. App'x 852, 858-59 (11th Cir. 2013)). "Both parts [of the test] must be satisfied for a court to exercise personal jurisdiction over a non-resident." *Am. Fin. Trading Corp. v. Bauer*, 828 So. 2d 1071, 1074 (Fla. 4th DCA 2002).

### A. Florida's Long-Arm Statute

In this trademark infringement case, the Court looks to Florida's long-arm statute to determine if the Court may assert personal jurisdiction over the non-resident Defendants. *Sculptchair, Inc.*, 94 F.3d at 627. Florida's long-arm statute recognizes two kinds of personal jurisdiction over a non-resident defendant: general jurisdiction and specific jurisdiction.[2] *See* Fla. Stat. §§ 48.193(1)-(2); *see also easyGroup Ltd. v. Skyscanner, Inc*., No. 20-20062-CIV, 2020 WL 5500695, at *6 (S.D. Fla. Sept. 11, 2020). The Eleventh Circuit has held that the reach of Florida's long-arm statute is a question of state law, and federal courts must adhere to the statutory

---

[2] Plaintiff asserts it is not relying upon general jurisdiction in this case. *See* ECF No. [12] at 5.

constructions offered by the Florida Supreme Court and Florida's District Courts of Appeal. *See Louis Vuitton Malletier, S.A.*, 736 F.3d at 1352.[3]

Here, Plaintiff relies upon Florida Statutes section 48.193(1)(a)(2), which states in relevant part that:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> . . .
> 2. Committing a tortious act within this state[.]

Fla. Stat. § 48.193(1)(a)(2). Under § 48.193(1)(a)(2), a defendant commits a tortious act within Florida when that act causes injury in Florida. *See Posner*, 178 F.3d at 1217 (holding that the Eleventh Circuit's "firmly established precedent . . . interprets subsection [48.193(1)(a)(2)] to apply to defendants committing tortious acts outside the state that cause injury in Florida").

### i. Tortious Acts in Florida

The parties do not dispute that trademark infringement constitutes a tortious act for purposes of the long-arm statute. In the Eleventh Circuit, trademark claims under the Lanham Act as alleged by Plaintiff are "tortious acts" for the purposes of Florida's long-arm statute. *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1353. Such a tortious act—that is, trademark infringement—occurs when a foreign defendant creates an infringing website out of state which is accessible to residents in Florida and causes harm to a plaintiff in Florida. *Licciardello*, 544 F.3d at 1283-84.

---

[3] "In Florida, before a court addresses the question of whether specific jurisdiction exists under the long-arm statute, the court must determine whether the allegations of the complaint state a cause of action." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 808 (11th Cir. 2010). In this case, Defendants have not argued that the Complaint fails to state a cause of action, but only that Counts I, II, and III are duplicative. Regardless of whether the claims are duplicative, upon review, the allegations in the Complaint state a cause of action.

The Court therefore examines the allegations in the Complaint to determine if they are sufficient to state a *prima facie* basis for personal jurisdiction.

In the Complaint, Plaintiff alleges that it is a Delaware limited liability company with its principal place of business in Pennsylvania. ECF No. [1] ¶ 1. With respect to Defendants, the Complaint alleges that Vogler is domiciled in Arizona, and Zinkn is a Delaware corporation with its principal place of business in Arizona. *Id.* ¶¶ 2-3. As to Defendants' infringing activities, Plaintiff alleges that Defendants "began marketing, selling, and distributing downloadable software for managing contract labor services . . . under the name and in connection with" the allegedly infringing mark, *id.* ¶ 13, and further, that Defendants "are using their website zinkn.com to promote and facilitate sales of the Infringing Goods and Services." *Id.* ¶ 17.

With respect to personal jurisdiction specifically, Plaintiff alleges that

This Court has personal jurisdiction over Defendants because they operate, conduct, engage in and carry on business in Florida, including within this judicial district, and committed a tortious act within Florida, including within this judicial district. Among other things, Defendants represent on their website that they are rolling out their infringing goods and services throughout the United States. Additionally, Defendants promote their infringing goods and services in connection with and by displaying their infringing Mark on their website (www.zinkn.com), which website and promotions are directed to customers throughout the United States including in Florida. Their website also provides a link to access their downloadable app. Thus, this Court's exercise of personal jurisdiction over Defendants is consistent with the Constitution of the United States and Fla. Stat. § 48.193.

*Id.* ¶ 7. Notably, Defendants have not challenged the sufficiency of these allegations. Upon review, these allegations are sufficient to state a prima facie case of jurisdiction based upon Defendants' allegedly infringing acts. As a result, the Defendants must provide evidence to counter Plaintiff's allegations. *Internet Sols. Corp.*, 557 F.3d at 1295.

###### ii.    Injury in Florida

Defendants argue that, notwithstanding the allegations in the Complaint, there is no personal jurisdiction in this case because Plaintiff did not suffer an injury in Florida. While Defendants acknowledge that claims under the Lanham Act are "tortious acts" under the Florida long-arm statute, Defendants reason that because Plaintiff does not reside in Florida, it has not suffered harm in Florida. In response to the allegations in the Complaint, Defendants provide declarations by Vogler, the President of Zinkn. *See* ECF Nos. [16-1], [29-1] ("Declarations"). In pertinent part, the Declarations provide that neither Zinkn nor Vogler has had any offices or employees in Florida; they have never entered into any contracts or done business with any Florida resident; never sold a product or service to any resident of Florida; never engaged in targeted advertising or promotion of products or services to Florida or residents of Florida; never been registered to conduct business in Florida; never been hired, retained, or contracted to provide services in Florida; never maintained or held bank accounts or corporate records in Florida, leased or owned any real property in Florida; or directed any business activities toward Florida or intended to target Florida residents. Declarations, ¶¶ 5-13.

Plaintiff nevertheless contends that the accessibility of Defendants' website, which features a link to a downloadable app, in Florida, is sufficient to lead to the inference that Plaintiff sustained an injury in Florida under § 48.193(a)(2). Plaintiff relies upon the Eleventh Circuit's decisions in *Licciardello* and *Louis Vuitton* to support its position that a website accessible in Florida in a trademark infringement case is sufficient to satisfy specific jurisdiction under the Florida long-arm statute. Upon review, the Court determines that the website's accessibility alone in this case is insufficient to demonstrate Plaintiff sustained an injury in Florida. *Licciardello* and *Louis Vuitton* do not support Plaintiff's position.

Case No. 21-cv-62308-BLOOM/Valle

In *Licciardello*, the defendant, the singer-plaintiff's former manager, created a website in Tennessee that utilized the plaintiff's trademarked name and picture, implying that the plaintiff endorsed the former manager. 544 F.3d at 1282. The Eleventh Circuit noted that even if a website is not created in Florida, the long-arm statute is satisfied if the alleged trademark infringement causes an injury in Florida. *Id*. at 1283. In reversing the district court's finding that it lacked personal jurisdiction, the Eleventh Circuit reasoned that the allegedly infringing website in *Licciardello* caused injury within Florida "by virtue of the website's accessibility in Florida"; but importantly, the plaintiff as the owner of the trademark resided in Florida. *Id*. at 1282-83; *see also Honus Wagner Co. v. Luminary Grp. LLC*, No. 17-cv-61317-BLOOM/Valle, 2017 WL 6547899, at *8 (S.D. Fla. Dec. 21, 2017) (finding Florida's long-arm statute satisfied where plaintiff was a Florida corporation and holder of trademarks allegedly infringed).

Contrary to Plaintiff's contention, *Licciardello* does not support the conclusion that a plaintiff sustains an injury in Florida regardless of where the plaintiff is located simply because a website can be accessed in Florida. Indeed, such a broad holding would subject every company or individual that has a website anywhere in the world, and whose website can be accessed in Florida, to suit in Florida. The Eleventh Circuit expressly declined to reach the conclusion that Plaintiff urges and noted:

> We do not, by our decision today, intend to establish any general rule for personal jurisdiction in the internet context. Our holding, as always, is limited to the facts before us. We hold only that where the internet is used as a vehicle for the deliberate, intentional misappropriation of a specific individual's trademarked name or likeness and that use is aimed at the victim's state of residence, the victim may hale the infringer into that state to obtain redress for the injury. The victim need not travel to the state where the website was created or the infringer resides to obtain relief.

*Id*. at 1288 n.8.

Similarly, the court in *Louis Vuitton* did not hold that accessibility of a website alone is sufficient to satisfy the long-arm statute. In *Louis* Vuitton, the Eleventh Circuit reiterated its holding in *Licciardello* that where a website is created and the infringing material is posted does not matter in determining whether an injury occurred in Florida. 736 F.3d at 1354. The court then acknowledged that accessibility was sufficient in *Licciardello* because the plaintiff was located in Florida and therefore sustained an injury in Florida. *Id*. The court in *Louis Vuitton* explained:

> Although defendant Lovelady lived and created the website containing the infringing mark in Tennessee, the owner of the mark (plaintiff Licciardello) resided in Florida. We reasoned that "we need not decide whether trademark injury necessarily occurs where the owner of the mark resides, as the Florida district courts have held, because in this case the alleged infringement clearly also occurred in Florida by virtue of the website's accessibility in Florida."

*Id*. (quoting *Licciardello*, 544 F.3d at 1283) (cleaned up). Here, Plaintiff does not reside in Florida. As such, the conclusion that Plaintiff sustained an injury in Florida as a result of Defendants' alleged infringing activities is not so straightforward.

### iii.    Nexus Between Infringement and Injury

*Louis Vuitton* instructs that "specific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within Florida and concerns a nonresident defendant's contacts with Florida only as those contacts related to the plaintiff's cause of action." *Id*. at 1353 (citation omitted); *see also* Fla. Stat. § 48.193(a)(2) ("[a] person . . . submits himself . . . to the jurisdiction of the courts of this state for any cause of action *arising from* any of the following acts") (emphasis added). In *Louis Vuitton*, the claimed infringing activities included "offering for sale and sale of counterfeit and infringing Louis Vuitton branded products within this Judicial District" through the subject websites, and allegations that the defendants were "promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit products[.]" 736 F.3d at 1345. The Eleventh Circuit in *Louis Vuitton* did not rely exclusively on

the accessibility of the websites to support its finding of personal jurisdiction, as the plaintiff had alleged and shown additional tortious activities within Florida involving the websites, including the actual sale of infringing products to Florida customers. *Id*. at 1354. Thus, the court concluded that the defendant's tortious acts caused injury in Florida because the infringing goods "were not only accessible on the website, but were sold to Florida customers through that website." *Id*.; *see also Atmos Nation, LLC v. BnB Enter., LLC*, 16-62083-CIV-DIMITROULEAS, 2017 WL 3763949, at *4 (S.D. Fla. Apr. 24, 2017) (finding Florida's long-arm statute satisfied where defendant admitted it sold three infringing products on its website to customers in Florida).

Here, Plaintiff specifically alleges that the infringing activity in this case is "marketing, selling, and distributing downloadable software for managing contract labor services . . . in connection with the [infringing trademark]." ECF No. [1] ¶ 13. Plaintiff also alleges that Defendants "are using their website zinkn.com to promote and facilitate sales of the Infringing Goods and Services." *Id*. ¶ 17. Therefore, as alleged by Plaintiff, the Defendants' infringing activity (and therefore, tortious activity) is not simply the posting of a website; but rather, the marketing, promotion, selling, and distribution of infringing goods and services through the website. Thus, as *Louis Vuitton* instructs, in order to satisfy Florida's long-arm statute, an injury must arise from these infringing activities. *See also Volt, LLC v. Volt Lighting Grp. LLC*, 369 F. Supp. 3d 1241, 1245 (M.D. Fla. 2019) ("a non-resident's website, although accessible in Florida, results in no tort committed within Florida and fails to subject a non-resident to Florida's jurisdiction, unless a person in Florida views the website.").

Defendant has provided the Declarations, which establish that Defendants have never dome business with any Florida resident, sold a product or service to any resident of Florida, or engaged in targeted advertising or promotion of its products or services to Florida or residents of Florida.

In order to support the conclusion that Plaintiff has sustained an injury in Florida sufficient to satisfy the long-arm statute in this case, Plaintiff must come forward with some proof to support that Defendants marketed, sold, promoted, or distributed their infringing products or services to Florida customers as a result of viewing Defendants' website. Plaintiff fails to do so. Instead, Plaintiff has provided the Declaration of Byron Solvason, its CFO, who focuses on Plaintiff's own presence and business activity in Florida, as opposed to any connection of Defendants' alleged infringing activities to Florida, and is therefore unhelpful. *See* ECF No. [12-2] ("Solvason Declaration").[4]

As Defendants point out, this case is similar to *Organic Mattresses, Inv. v. Envi*[*ro*]*nmental Resource Outlet, Inc.*, No. 17-21905-Civ-WILLIAMS/TORRES, 2017 WL 5665354, at *11 (S.D. Fla. Oct. 6, 2017), *report and recommendation adopted*, 2017 WL 5665356, at *1 (S.D. Fla. Oct. 24, 2017). In *Organic Mattresses*, the plaintiff alleged that the defendants used slogans on their websites that infringed on plaintiff's trademarks because the slogans were being used to advertise, market, and promote defendants' products in interstate commerce. 2017 WL 5665354, at *1-2. Notwithstanding the plaintiff's presence in Florida, the court ultimately concluded that there was no injury in Florida, and therefore no personal jurisdiction under Florida's long-arm statute, because there was "no nexus between any of the Defendants' activities and an injury suffered in Florida alleged in [the] complaint." *Id.* at *11-12. Specifically, the court observed that there was no proof that the defendants' products were ever sold to consumers in Florida who had viewed the allegedly infringing materials on the subject websites. *Id.* at *11.

The same is true here. First, Plaintiff has provided no proof to rebut Defendants' assertions that they have never done business with a Florida resident, never sold a product or service to any

---

[4] Plaintiff also provides printouts from the Florida Secretary of State, Division of Corporations website, *see* ECF Nos. [12-1], [12-3], but these pertain only to Plaintiff, and not Defendants.

resident of Florida, or engaged in any targeted advertising or promotion of products or services to Florida. Further, Plaintiff's contention that the website's representation that Zinkn "will be rolling out its infringing services throughout the United States," along with a link to a downloadable app, necessarily leads to the conclusion that Plaintiff has suffered an injury in Florida, is unpersuasive. Plaintiff has provided no proof that the app was actually downloaded by a customer in Florida. Moreover, to the extent that Plaintiff attempts to demonstrate by way of the Solvason Declaration that it has sustained an injury in Florida because it conducts business in Florida, Plaintiff's focus misses the mark. Importantly, the Solvason Declaration fails to include any facts to establish that Defendants marketed, promoted, sold, or distributed their infringing goods and services to any Florida customers as a result of viewing Defendants' website. Plaintiff therefore has failed to demonstrate a nexus between Defendants' activities and an injury suffered in Florida, such that an exercise of specific jurisdiction under Florida's long-arm statute would be proper in this case.

Because Plaintiff fails to satisfy the requirements under Florida's long-arm statute, the Court does not have occasion to consider whether the exercise of jurisdiction in this case satisfies the Due Process Clause.[5]

### B.  Improper Venue and Failure to State a Claim

Defendants additionally request that the Court dismiss this case for improper venue under Rule 12(b)(3), or transfer to the District of Arizona, and dismiss Counts I, II, and III of the Complaint as duplicative under Rule 12(b)(6). However, because the Court has determined that it lacks personal jurisdiction over the Defendants, the Court does not consider Defendants' remaining

---

[5] "Once a court has determined that the exercise of personal jurisdiction over an out-of-state defendant *is* appropriate under the forum state's long-arm statute, the court must then examine whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (emphasis added). *See also PVC Windoors, Inc.*, 598 F.3d at 807-808 ("[F]ederal courts are duty bound to avoid a constitutional question if answering the question is unnecessary to the adjudication of the claims at hand").

Case No. 21-cv-62308-BLOOM/Valle

arguments for dismissal. *See Posner*, 178 F.3d at 1214 n.6 ("A court without personal jurisdiction is powerless to take further action.") (citation omitted). Moreover, although Defendants request in that this case be dismissed or transferred, *see* ECF Nos. [16] at 11; [29] at 16, they appear to have abandoned the request to transfer in their Replies. *See* ECF Nos. [24] at 8; [34] at 5 (requesting that the Court "dismiss this case for lack of personal jurisdiction, improper venue, and failure to state a claim").

IV.    **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that the Motions, **ECF Nos. [16]**, **[29]**, are **GRANTED IN PART AND DENIED IN PART**. This Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction. Any pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 3, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record